**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL ALEXANDER                                                                                          PLAINTIFF

V.                                            NO: 5:08CV00275 BSM/HDY

RAY HOBBS *et al.*                                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, formerly an inmate at the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on October 6, 2008. On October 16, 2009, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #35-#37). Plaintiff filed a response on November 17, 2009 (docket entry #41).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he was inappropriately denied the opportunity to participate in work release or vo-tech training. The relevant Arkansas statute provides that the Arkansas Department of Correction "may institute 'work-release' programs under which the inmates selected to participate in the programs may be gainfully employed or attend school outside of the units maintained by the Department, under rules and regulations promulgated by the Director with the approval of the Board." Ark. Code Ann. § 12-30-401 (1993).

Although there is no constitutionally based liberty interest in participating in a work release program, the state may create such an interest when its statutes or regulations placed substantive limitation on the exercise of official discretion, or are phrased in mandatory terms. *Mahfouz v. Lockhart*, 826 F. 2d 791, 793 (8th Cir. 1987) (internal citations omitted). The Eighth Circuit has recognized that an Arkansas inmate participating in a work release program has a vested interest in remaining in such a program, and is entitled to due process before that status may be constitutionally revoked. *Edwards v. Lockhart*, 908 F. 2d 299, 300 (8th Cir. 1990). However, that interest does not extend to an inmate who alleges a constitutional violation based on the denial of the opportunity to participate in a work release program.

The Eighth Circuit explicitly held in *Mahfouz* that the Arkansas statutes do not create a protected liberty interest in participation in a work/study release program, based on the permissive

non-mandatory language of the state statute authorizing such programs. "Although the regulation contains substantive criteria to be used in determining *eligibility* for the work release program, the unit warden, assistant director, and Board retain broad discretion in *selecting* eligible inmates to participate in the program." *Id*. at 793 (emphasis in original).

The fact that inmates enjoy no right to work release programs has been recently recognized in this District. *See Boen v. Arkansas Department of Correction et al.*, ED/AR No. 5:09CV72 BSM/BD (filed March 6, 2009); *Love v. Norris et al.*, ED/AR No. 5:05CV325 JLH/JWC (filed November 21, 2005). Thus, because Plaintiff does not have a protected liberty interest in participation in a work release or study program, he has failed to state a claim for relief under § 1983.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for summary judgment (docket entry #35) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   19   day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE